IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RAVEN GRANT and ZAPHIER ELAM, in their individual capacity and on behalf of their child, Z.E.G.,** | : : : : | **Civil No. 1:20-CV-1988** |
| **Plaintiffs,** | : : | |
| **v.** | : : | |
| **UPMC PINNACLE HOSPITALS, et al.,** | : : : | |
| **Defendants.** | : : | **Judge Sylvia H. Rambo** |

## M E M O R A N D U M

Before the court is the Motion to Remand filed by Plaintiffs.  (Doc. 6.)  For the reasons outlined below, the motion will be granted in part and denied in part.

## I.    BACKGROUND

On June 5, 2019, Plaintiffs Raven Grant and Zaphier Elam filed a lawsuit in the Dauphin County Court of Common Pleas against multiple healthcare facilities ("UPMC Defendants"),[1] alleging the healthcare providers employed by those facilities committed medical malpractice during the delivery of their son, Z.E.G.  On June 24, 2020, after about a year of litigation, the UPMC Defendants filed a third-party complaint for contribution and indemnity against Bryan Doverspike, D.O., Stephen Wagner, M.D., and Kunali Dalal, M.D. ("Third-Party Defendants").  Over

---

[1]     Plaintiffs list the UPMC Defendants in an extremely long manner that the court abbreviates by simply referring to them as the UPMC Defendants.

the next two months, Doctors Doverspike and Wagner filed a second third-party complaint against Michael J. Mullen, M.D.

On October 21, 2020—approximately four months after Defendants brought a third-party complaint against Dr. Dalal—the Government certified that Dr. Dalal was acting within the scope of her employment at all times relevant to the underlying lawsuit. On October 26, 2020, assistant counsel for the Department of Health and Human Services submitted a declaration testifying that the alleged malpractice the UPMC Defendants accuse Dr. Dalal of engaging in was covered by the Federal Tort Claims Act ("FTCA") because, at all times relevant to the underlying lawsuit, she was a Public Health Service employee under 42 U.S.C. § 233(g). Three days later, the United States Attorney's Office removed this case to federal court on the basis that the FTCA establishes exclusive federal jurisdiction for malpractice claims against Public Health Service employees. In so doing, the United States implicitly asked the court to exercise supplemental jurisdiction over Plaintiffs' state law claims.

On November 24, 2020, Plaintiffs filed a motion to remand. On January 6, 2020, Plaintiffs submitted their brief in support. Plaintiffs do not contest that, under the FTCA, this court had original and exclusive jurisdiction against Dr. Dalal. Instead, they argued that three different bases still compel the court to remand. First, Plaintiffs argue that Defendants' third-party contribution claims are not ripe because

they have not yet been compelled to pay damages.  Second, Plaintiffs argue that,
under the derivative jurisdiction doctrine, the state court lacked jurisdiction over the
third-party contribution claim at the time it was filed, rendering this court without
jurisdiction to accept the claim being removed to it.  Third, Plaintiffs argue that the
state law claims at issue here substantially predominate the third-party contribution
claims, triggering a statutory exception to supplemental jurisdiction over the state
law claims.

On January 22, 2021, the UPMC Defendants and Doctors Doverspike,
Wagner, and Mullen, all filed an opposition to Plaintiffs' motion.  (Doc. 18.)  On
January 25, 2021, the United States submitted a brief in support of Plaintiffs' motion,
arguing that no parties would be prejudiced by the claims being remanded and that
the federal claim against Dr. Dalal could be resolved after the underlying lawsuit
reached a conclusion.  (Doc. 19.)  On February 5, 2021, Plaintiffs submitted a reply
brief.  (Doc. 23.)  This matter is thus ripe for review.

## II.  <u>STANDARD OF REVIEW</u>

Under 28 U.S.C. § 1447(c), a federal court must remand a case originally filed
in state court "[i]f at any time before final judgment it appears that the district court
lacks subject matter jurisdiction."  *Id.*  "As the party asserting jurisdiction, [the
defendant] bears the burden of showing that the case is properly before the court at
all stages of the litigation." *Pierson v. Source Perrier, S.A.,* 848 F.Supp. 1186, 1188

(E.D.Pa. 1994) (citing *Packard v. Provident Nat'l Bank,* 994 F.2d 1039, 1044-45 (3d

Cir. 1993)); *see also Dukes v. U.S. Healthcare, Inc*., 57 F.3d 350, 359 (3d Cir. 1995).

Courts must "construe removal statutes strictly with all doubts resolved in favor of

remand." *USX Corp. v. Adriatic Ins. Co*., 345 F.3d 190, 205 n. 12 (3d Cir. 2003);

*see also Batoff v. State Farm Ins. Co*., 977 F.2d 848, 851 (3d Cir. 1992).

III.   **DISCUSSION**

   a.  **The UPMC Defendants' Third-Party Claims Against Dr. Dalal Are
       Ripe.**

   Plaintiffs argue that the UPMC Defendants' contribution and indemnity

claims can only become ripe once they are actually compelled to pay damages.

Plaintiffs cite no authority where any court has ever held as much.  To the contrary,

Federal Rule of Civil Procedure 14(a)(1), which governs the filing of third-party

claims, permits a party to file claims for contribution before it is ordered to pay

damages.  *See* FED. R. CIV. P. 14(a)(1) ("A defending party may, as third-party

plaintiff, serve a summons and complaint on a nonparty who is *or may be* liable to

it for all or part of the claim against it.") (emphasis added); *see Stahl v. Ohio River

Co.*, 424 F.2d 52, 56 (3d Cir. 1970) ("This language [in Rule 14(a)(1)] clearly

recognizes contingent liability.").  Any other reading would impermissibly render

the words "may be" in Rule 14 nugatory.  Hence, the ripeness doctrine does not

divest the court of subject-matter jurisdiction over the third-party claims against Dr.

Dalal.

**b. The Derivative Jurisdiction Doctrine Does Not Impact the Court's Subject-Matter Jurisdiction Over the Third-Party Claims Against Dr. Dalal.**

"Under the doctrine of derivative jurisdiction, a federal district court is without proper removal jurisdiction if the state court from which the case was removed lacked subject matter jurisdiction, even if the case could have originally been filed in federal court." *Dellinger v. Richards*, No. 1:18-cv-02119, 2019 WL 4273878, at *3 (M.D. Pa. Sept. 20, 2019) (quoting *Calhoun v. Murray*, 507 F. App'x 251, 256 (3d Cir. 2012)). In *Dellinger*, this court held that a third-party contribution claim filed in state court could not be removed to federal court under the derivative jurisdiction doctrine. *See id.* The court explained that "the state court from which this action was removed lacked subject matter jurisdiction over the case as a result of the exclusive jurisdiction granted to federal courts in adjudicating FTCA claims." *Id.* at *4.

Plaintiffs argue that *Dellinger* is controlling here, but a significant fact distinguishes *Dellinger* from the instant case. In order for the FTCA to trigger exclusive federal jurisdiction, the Government must certify that the defendant at issue is a federal employee who was working within the scope of their employment at the time they engaged in the alleged tortious conduct. *See Katz v. Spiniello Cos.*, No. 16-cv-11380, 2016 WL 7209662, at *3 (D. Mass. Dec. 12, 2016) (citing *Thompson v. Wheeler*, 898 F.2d 406, 409 n. 2 (3d Cir. 1990)); *Stokley v. United*

5

*States*, No. 10-cv-1383, 2011 WL 1043344, at *3 (D. Colo. Mar. 17, 2011) (same);

*Glorvigen v. Cirrus Design Corp.*, No. 06-cv-2661, 2006 WL 3043222, at *3 n.8 (D.

Minn. Oct. 24, 2006) (same).[2]  In *Dellinger*, government certification of the public

service employee "was issued on August 22, 2017, 13 months prior to the filing of

the third party complaint."  2019 WL 4273878, at *3.  In contrast, Dr. Dalal's

position and conduct were not certified until months after the third-party claims were

filed against her.  As a result, the Dauphin County Court of Common Pleas had

subject-matter jurisdiction over the third-party claim against Dr. Dalal at the time it

was filed, therefore giving this court derivative, subject-matter jurisdiction over that

claim upon removal.

### c. Plaintiffs' State-Law Claims Substantially Predominate Over the UPMC Defendants' Third-Party Claim Against Dr. Dalal.

Under 28 U.S.C. § 1367(a), "in any civil action of which the district courts

have original jurisdiction, the district courts shall have supplemental jurisdiction

over all other claims that are so related . . . that they form part of the same case or

controversy under Article III of the United States Constitution."  Section 1367(a)

only applies "where state-law claims share a 'common nucleus of operative fact'

with the claims that supported the district court's original jurisdiction." *De Asencio*

---

[2]      While other district court opinions clash with this position, the court is bound by the *Thompson* decision, and it finds its application by these three district court opinions to be persuasive.

*v. Tyson Foods, Inc.*, 342 F.3d 301, 308 (3d Cir. 2003) (quoting *United States Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)).

In determining whether to exercise supplemental jurisdiction, "Congress granted district court judges discretion." *De Asencio*, 342 F.3d at 309; *accord Gibbs*, 383 U.S. at 726 ("It has consistently been recognized that pendent jurisdiction is a doctrine of discretion[.]").  In exercising this discretion, the court must evaluate the impact supplemental jurisdiction would have on "'judicial economy, convenience and fairness to litigants.'"  *De Asencio*, 342 F.3d at 309 (quoting *Gibbs*, 383 U.S. at 726).  Federal courts "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the claim substantially predominates over the claim or claims over which the district court has original jurisdiction."  28 U.S.C. § 1367(c)(2).  "Generally, a district court will find substantial predomination 'where a state claim constitutes the real body of a case, to which the federal claim is only an appendage.'"  *De Asencio*, 342 F.3d at 309 (quoting *Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 789 (3d Cir. 1995)).  "This necessarily is a case-specific analysis." *Id.* at 312.

Courts must evaluate the following factors when considering which claims substantially predominates: "the scope of the state and federal issues, the terms of proof required by each type of claim, the comprehensiveness of the remedies, and

the ability to dismiss the state claims without prejudice to determine whether the state claim constitutes the real body of the case." *Id.* at 312.

Here, Plaintiffs' state law claims substantially predominate. First, concerning the scope of state and federal issues, state law controls almost entirely. While the FTCA gives the federal courts exclusive federal jurisdiction, "we must apply state substantive law to determine liability under the FTCA"—thus, other than the question of jurisdiction, virtually no questions of federal law are applicable here. *LaLoup v. United States*, 92 F. Supp. 3d 340, 347 (E.D. Pa. 2015). This is amplified by the fact that Plaintiffs argue, and Defendants do not contest, that almost every party in this suit is involved because of state law claims. *De Asencio*, 342 F.3d at 311 ("Predomination under section 1367 generally [does not concern] the number of parties involved. But the disparity in numbers . . . may be so great that it becomes dispositive.").

Second, regarding the terms of proof, this factor weighs in favor of Plaintiffs. For Plaintiffs' claim to succeed, they must prove, under Pennsylvania law, the standard of care, deviation from it, causation, and damage. If they fail on any part of this, the UPMC Defendants will have no claim against Dr. Dalal. If they succeed on all of this, it may, in and of itself, negate or prove Dr. Dalal's liability before any legal action against Dr. Dalal herself is prosecuted. Thus, the level of proof involved in this case is almost exclusively governed by the state law claims.

Third, the comprehensiveness of the remedies also leans in favor of Plaintiffs. Plaintiffs' state-law remedies address their damages.  If the state law claims were to proceed in state court, the UPMC Defendants may also be able to acquire complete indemnity from the third-party defendants other than Dr. Dalal.  They would also be able to pursue Dr. Dalal in federal court after resolution of the state law claims. Accordingly only a small portion of the remedies appear to be focused on Dr. Dalal.

Finally, concerning the general issues of fairness and judicial economy—which are interwoven with the question of what effects dismissal would have on this lawsuit—Defendants' efforts to keep this case in federal court appears to be due to forum shopping.  The UPMC Defendants did not even bring Dr. Dalal into this case until a year after Plaintiffs filed suit.  This timing alone is suspicious.  *See De Asencio*, 342 F.3d at 312 (holding that late strategic efforts by the plaintiff weigh against a court exercising supplemental jurisdiction).  Moreover, while the United States removed the case to federal court, it now agrees with Plaintiffs that the case should be remanded, while virtually every other party is insisting on keeping this case in federal court.  This again suggests that the UPMC and third-party defendants have a strategic basis for keeping the case in federal court.  As such, judicial efficiency and fairness to the litigants weighs heavily in favor of the court declining to exercise supplemental jurisdiction.

The court will not, however, remand the case to state courts. While this court retains exclusive jurisdiction over the FTCA claim, it finds that the most judicially efficient method for resolving this dispute is for Plaintiffs' state law claims to be dismissed without prejudice, giving Plaintiffs the option to proceed in state court. *De Asencio*, 342 F.3d at 309 ("Where 'the state issues predominate . . . the state claims may be dismissed without prejudice and left for resolution to state tribunals.'") (quoting *Gibbs*, 383 U.S. at 726). Further, because the UPMC Defendants' "third-party contribution claims are entirely dependent on the resolution of the underlying state-law negligence claim[s] against them," *Baylay v. Etihad Airways P.J.S.C.*, 881 F.3d 1032, 1041 (7th Circ. 2018) (affirming the district court's decision to decline to exercise supplemental jurisdiction over state law claims underlying a third-party contribution claim), and because the court wants to avoid conflicting outcomes between federal and state litigation, the court will place the federal litigation on freeze until a "settlement or judgment in the state court action," (Doc. 19, p. 2 of 4).

IV.  **<u>CONCLUSION</u>**

For the reasons outlined above, Plaintiffs' motion will be denied in part and granted in part.  All claims will be dismissed without prejudice except for the UPMC Defendants' third-party claim against the United States.  The third-party claim will be stayed until resolution of the state law claims.

*/s/ Sylvia H. Rambo*
SYLVIA H. RAMBO
United States District Judge

Dated: April 16, 2021